


U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed April 11, 2012**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| NEW HOPE HOSPITALITY, LLC, | § | CASE NO: 12-31959-HDH-11 |
| | § | |
| Debtor. | § | CHAPTER 11 |
| | § | |

**INTERIM ORDER FOR USE OF CASH
COLLATERAL PURSUANT TO
SECTIONS 363 OF THE BANKRUPTCY
CODE AND PROVIDING ADEQUATE PROTECTION AND
GRANTING LIENS, SECURITY INTERESTS**

Upon the Emergency Motion for Use of Cash Collateral (the "Motion") pursuant to Sections 105, 361, 363 and 364 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 4001, **NEW HOPE HOSPITALITY, LLC**, ("Debtor"), subject to the terms and conditions set forth herein, including the (i) grant of mortgages, security interests, liens and claims for the benefit of **EH NATIONAL BANK (**the "Bank"), post petition claims which are co-extensive and of the same priority with their Pre-petition liens and (ii) grant of mortgages, security interests, liens and claims in order to provide adequate protection to the Bank as more fully set forth herein, and upon the proceedings held before this Court and good and sufficient cause appearing

therefore,

    THE COURT HEREBY FINDS:

    A.    On March 30, 2012, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is now operating its business and managing its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has yet been appointed.

    B.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 137(b)(2). Venue of the Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

    C.    An immediate and critical need exists for the Debtor to obtain funds in order to continue Debtor's ongoing operations, which includes owning and operating a hotel doing business as Hampton Inn & Suites at 623 Bryans Way, Corsicana, Texas. Without such funds, the Debtor will not be able to pay its operating expenses and obtain goods and services needed to carry on its business during this sensitive period in a manner that will avoid irreparable harm to the Debtor's estate. At this time, the Debtor's ability to use Cash Collateral is vital to the confidence of the Debtor's vendors and suppliers of the goods and services, and to the preservation and maintenance of the going concern value of the Debtor's estate.

    D.    The Debtor's assets are subject to the prepetition liens of the Bank including liens on real estate, equipment, furniture, and accounts receivables.

    E.    The Debtor has requested immediate entry of this Order pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2). The permission granted herein to allow the Debtor to obtain the use of Cash Collateral financing is necessary to avoid immediate and irreparable harm to the Debtor. This Court concludes that entry of this Order is in the Debtor's best interest and its estate and creditors as its implementation will, among other things, allow for the continued operation and rehabilitation of the

Debtor's existing business.

THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:

1.      The Debtor be, and hereby is, authorized to enter into all agreements pursuant to the terms of this Order necessary to allow the Debtor to use Cash Collateral subject to the protections and consideration described in this Order in the amounts and for the expenses set forth on the 2 week projected budget attached hereto as Exhibit 1 **[Docket No. 16]**.  The Debtor, without the prior written approval of the Bank should not incur expenses for any line item for an amount that exceeds the lesser of the amount for such line item in the budget and the actual expenditure for such line item. Subject to the reservation of right in paragraph 7 below, the Debtor is authorized to collect and receive all accounts receivable.

2.      As security for all Cash Collateral permitted to be used hereunder by the Debtor, the Bank is hereby granted valid, binding, enforceable, and perfected liens (the "Post-petition Liens") co-extensive and of the same priority with the Bank's pre-petition liens in all currently owned or hereafter acquired property and assets of the Debtor, of any kind or nature, whether real or personal, tangible or intangible, wherever located, now owned or hereafter acquired or arising and all proceeds and products, including, without limitation, all cash, goods, accounts receivable, leases, general intangibles, deposit accounts, save and except Chapter 5 Bankruptcy Causes of Action.  The Post-petition Liens are being given to the extent there is a diminution of collateral during the time the Debtor is using Cash Collateral.

3.      As adequate protection in accordance with Section 363(e) of the Bankruptcy Code, the Debtor shall pay to the Bank monthly adequate protection payments, commencing on the 1st day of May 2012 in an amount equal to any excess cash collateral over and above the paid Budget expense amounts but in no event less than $10,000.00 per month.  All payments to the Bank shall be made by cashier's check and delivered to counsel for the Bank.  The use of cash collateral shall be permitted on an interim basis until the final cash collateral hearing.

4.      From and after the Effective Date, the proceeds of the Pre-petition Collateral and the Post-petition Collateral shall not, directly or indirectly, be used to pay expenses of the Debtor or

otherwise disbursed except for: those expenses and/or disbursements that are expressly permitted herein and are shown on the Debtor's Budget attached hereto as <u>Exhibit "1"</u>, provided, however, that the Debtor may, without seeking permission in advance from this Court or the Bank, expend in excess of the budgeted amount in any category by 10% or less, so long as total expenses do not exceed those in the Budget by more than 5% in any month.  During the pendency of this order, the Debtor will:  a) maintain insurance on the Bank's collateral and provide the Bank with proof of such insurance naming the Bank as a loss-payee; b) pay occupancy taxes; c) escrow funds for ad valorem taxes; and d) hold and not disburse any monies set aside for "management fees" unless the Bankruptcy Court approves the retention of a manager and authorizes disbursement thereto.

5. The automatic stay under Section 362(a) of the Bankruptcy Code shall be, and it hereby is, modified to the extent necessary to permit the Bank to retrieve, collect and apply payments and proceeds in respect of the Pre-petition Collateral and Post-petition Collateral in accordance with the terms and provisions of this Order.

6. The Debtor shall execute and deliver to the Bank all such agreements, financing statements, instruments and other documents as the Bank may reasonably request to evidence, confirm, validate or perfect the liens granted pursuant hereto.  The Debtor shall deliver a copy of its Monthly Operating Report to the Bank's counsel by the 23rd day of each month for the prior month.  Additionally, the Debtor will prepare and furnish to the Bank a cashflow statement, which will be due on the 7th of each month for the prior month's operations beginning May 7, 2012 and will furnish an analysis comparing the proposed Budget to actual expenditures which will be due on the 20th of each month for the prior month's operations beginning May 20, 2012.  The Debtor will escrow funds for property taxes in an account at the Bank.

7.      Subject to paragraph 5 above, the provisions of this Order shall be binding upon and inure to the benefit of the Bank and the Debtor.  Nothing herein shall prevent the Bank or the Debtor from seeking any form of relief under the Bankruptcy Code, provided, however, that if Debtor fails to file an adversary complaint seeking to avoid the Bank's lien by 11:59 p.m. on July 9, 2012, any such right by Debtor shall be waived, and as against Debtor the Bank's lien claim shall be valid and enforceable for all purposes.  This provision does not bind any party in interest directly or indirectly and does not impact derivative standing.

8.      The Debtor shall, on or before April 13, 2012, serve by U. S. mail, first class postage prepaid, copies of the Motion, this Order, the proposed Final Order and a notice of the hearing (the "Final Hearing Notice") to be held on **May 14, 2012 at 1:30 p.m.** to consider entry of the proposed Final Order on, (a) the Office of the U. S. Trustee; (b) counsel to **EH National Bank;** and (c) all parties requesting notice in this case.  Copies of the Motion, this Order and a proposed Interim or Final Order and the Interim or Final Hearing Notice shall be served upon all persons requesting service of papers pursuant to Bankruptcy Rule 2002 by U. S. mail, first class postage prepaid, within one business day following the receipt of such request.  The Interim or Final Hearing Notice shall state that any party in interest objecting to the entry of the proposed Order shall file written objections no later than 4:00 p.m, May 13, 2012, which objections shall be served so that the same are received on or before such date by: Arthur Ungerman, 8140 Walnut Hill Lane, suite 301, Dallas, Texas 75231.

9.      If not extended by an agreement with the Bank and/or and order of this Court, authority to use cash collateral shall expire at 5:00 p.m. Central on May 18, 2012.

### END OF ORDER ###

SUBMITTED:

/s/ Arthur Ungerman
Arthur Ungerman
Attorney for Debtor
State Bar No. 20391000