Mark Stromberg
State Bar No. 19408830
STROMBERG STOCK, P.L.L.C.
Two Lincoln Centre
5420 LBJ Freeway, Suite 300
Dallas, Texas  75240
Telephone: (972) 458-5353
Facsimile: (972) 770-2156
E-mail: mark@strombergstock.com

Christopher C. Collie
State Bar No. 24075484
COLVEN & TRAN, P.C.
Two Lincoln Centre
5420 LBJ Freeway, Suite 300
Dallas, Texas 75240
Telephone: (972) 788-5300
Facsimile:  (972) 770-2156
E-mail: chris@colvenandtran.com

*Attorneys for EH National Bank*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO: 12-31959-HDH-11** |
| | § | |
| **NEW HOPE HOSPITALITY, LLC,** | § | **CHAPTER 11** |
| | § | |
| **Debtor.** | § | |

## OBJECTION OF EH NATIONAL BANK TO DEBTOR'S APPLICATION TO EMPLOY MANAGEMENT COMPANY

**TO THE HONORABLE JUDGE HARLIN D. HALE:**

COMES NOW, EH National Bank ("EH"), a secured creditor in the above captioned case, and files this its Objection to the Application of New Hope Hospitality, LLC ("Debtor") to Employ Management Company, Docket No. 20 ("the Application"), and will show as follows:

### SUMMARY OF THE OBJECTION

The Application seeks to employ Dhillon Management Company, LLC ("DMC"), the pre-bankruptcy manager and an affiliate of Debtor, to manage the Debtor's business and

property, on which Jagmohan Dhillon has lived and continues to live rent-free.

EH objects to employing DMC because it is not a "disinterested person" pursuant to 11 U.S.C. §§101 and 327(a), because there are pre-petition transactions that call the qualifications of DMC into serious question, and because DMC or its owner, Mr. Dhillon, doled management fees and other questionable payments to insiders even while allowing obligations such as ad valorem taxes to go unpaid ahead of Debtor's obligations to EH.

## BACKGROUND FACTS

Debtor is the owner of the real property and improvements consisting of a Hampton Inn & Suites (the "Hotel") located at 623 Bryant's Way in Corsicana, Navarro County, Texas ("the Property"). Debtor is indebted to EH as evidenced by two (2) promissory notes ("the Notes"), including those funds advanced and used as purchase money for the Property; pursuant to a Deed of Trust, Security Agreement and Assignment of Rents (the "Deed of Trust"), and as confirmed by Debtor's schedules, Debtor pledged the Property to secure repayment of the Notes.

DMC is a management company that the Debtor desires to hire to manage and operate the Hotel located at the Property for a management fee in the amount of four (4%) percent of net income (the "Management Fee") payable to DMC at the conclusion of each month.

DMC's office is located at 3400 Parkwood Blvd., Frisco, Texas 75034 and its Managing Member is Mr. Dhillon. According to the Texas Secretary of State, DMC is not a Texas limited liability company; however, the similarly-named "Dhillon Management, LLC" ("DM") is a Texas limited liability company. Mr. Jagmohan Dhillon is listed as a member of DM.

Mr. Dhillon is an insider of the Debtor. He owns 65% of the shares of stock in the Debtor and is its Managing Member. Mr. Dhillon is, also, an insider of DMC, because he is the Managing Member. The Application does not reveal whether Mr. Dhillon owns shares of or

membership interests in DMC, whether the Debtor owns shares in DMC, or whether DMC owns shares in the Debtor.

Pursuant to the Application, the Debtor alleges that DMC is "experienced in property management of hotels from 49 to 125 rooms," yet the Debtor fails to state the other properties DMC has managed and DMC's amount of previous management experience.

Pursuant to the Management Agreement attached as Exhibit "B" to the Application, the Debtor and DMC entered into the Management Agreement effective October 1, 2011, engaging DMC to manage and operate the Hotel located at the Property for the Management Fee payable to DMC at the conclusion of each month. The Management Agreement was executed by Mr. Dhillon, on behalf of the Debtor, and by Mr. Dhillon, on behalf of DMC.

The conflict of interest between the Debtor and DMC is apparent, and by the Management Agreement Mr. Dhillon is unfairly attempting to channel the Hotel's funds back to himself by receiving the Management Fee each month on behalf of DMC.

Last, the Management Fee in the amount of four (4%) percent of net income is unreasonable, and should either be a reduced percentage of net income or a flat fee, so that Mr. Dhillon does not unfairly benefit himself while still harming his creditors during this bankruptcy proceeding.

## ARGUMENTS AND AUTHORITIES

Under 11 U.S.C. § 327(a), a representative of the estate, with the Court's approval, may employ professional persons that (a) do not hold or represent an interest adverse to the estate, and (b) that are disinterested persons. 11 U.S.C. § 327(a). The Code defines a "disinterested person" as someone that is (a) not an insider; (b) not a director, officer or employee of the Debtor; and (C) does not have an interest materially adverse to the interest of the estate by reason of any

direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason. 11 U.S.C. § 101(14).

EH objects to the Debtor employing DMC as management company of the Property, because DMC does not meet the requirement of being a disinterested person. Mr. Dhillon is an insider of both Debtor and DMC. As DMC's managing member, Mr. Dhillon exercises the same control over both the Debtor and DMC. While Debtor's cash collateral orders do not provide for a salary for Mr. Dhillon, his attempt to affect the same thing through compensation to DMC is improper.

EH also objects to the Application since doing so would empower the same management who presided over the Debtor's insolvency to preside over the Debtor's affairs. As evidenced by the attachment to Section 3.c of Debtor's Statement of Financial Affairs, Mr. Dhillon - - presumably acting under the Management Agreement - - presided over multiple questionable and unexplained transfers to other insiders, including both "loans" and "transfers" to a company described only as "Starlite," and both frequently overlapping "management fees" paid to DM, and "loan repayments" to various insiders, including Tarlochan Kataria (16.5% interest in Debtor), and Gurender Sahani (16.5% interest in Debtor). All of these payments coming while, in violation of its agreements with EH, Debtor was amassing a $176,654.84 priming lien for unpaid *ad valorem* taxes financed (in the absence of cash disbursed to insiders) through loans from Property Tax Lending.

This Court should decline the Application and, if fee-based management is required at all, an independent manager is much preferred to an insider. Alternatively, should the Court approve the Application, the Court should limit DMC's compensation by either reducing the Management Fee to a percentage of net income or reducing the Management Fee to a flat fee.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, EH National Bank prays that the Court

deny the Debtor's Application to Employ Management Company.

Respectfully submitted,

STROMBERG STOCK, P.L.L.C.
Attorneys and Counselors


By:   /s/ Mark Stromberg
            Mark Stromberg
            State Bar No. 19408830


COLVEN & TRAN, P.C.
Attorneys and Counselors

Christopher C. Collie
State Bar No. 24075484

**ATTORNEYS FOR EH NATIONAL BANK**


## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2012, a true and correct copy of the foregoing document was sent by electronic notice or via first class United States postage prepaid mail to the Debtor, Debtor's counsel, the US Trustee, and all persons appearing in this case via ECF notification.


/s/ Mark Stromberg
Mark Stromberg