

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 24, 2015**

**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **In re:** § | |
| § | **Case No. 12-31959-hdh11** |
| **NEW HOPE HOSPITALITY, LLC,** § | |
| § | |
| **Debtor.** § | |

### ORDER DENYING MOTION TO REOPEN CASE

On April 23, 2015, this Court held a hearing to consider the *Motion to Reopen Case* [Docket No. 119] (the "Motion to Reopen") filed by New Hope Hospitality, LLC, the reorganized debtor in the above-captioned case (the "Reorganized Debtor"). Counsel for the Reorganized Debtor (who was also counsel for the former debtor in possession (the "DIP")) appeared, as did counsel for EH National Bank ("EH"), which filed an objection to the Motion to Reopen.

Earlier this year, the Reorganized Debtor obtained refinancing to pay its obligation to EH in full and obtain a better interest rate. EH calculated its payoff amount, and the Reorganized Debtor, while disagreeing with the calculation, paid that amount. The Reorganized Debtor believes it also may have overpaid another creditor, Corsicana Lodging, LLC ("Corsicana"). The

Reorganized Debtor seeks to reopen this bankruptcy case some two years after confirmation so that it can litigate EH's calculation of the payoff amount and seek a return of the amount by which the Reorganized Debtor believes it overpaid EH and Corsicana.

This Court believes that such proposed litigation is not closely connected to the DIP's confirmed plan of reorganization, would not involve the implementation or execution of the plan, and would not involve the interpretation or enforcement of a prior order of this Court. Instead, such litigation appears to consist of post-confirmation disputes that have arisen between the Reorganized Debtor, EH, and Corsicana. The Fifth Circuit has been quite circumspect regarding the jurisdiction of bankruptcy courts to resolve issues between parties that arise after confirmation. *See, e.g.*, *Bank of La. v. Craig's Stores of Tex., Inc. (In re Craig's Stores of Tex., Inc.)*, 266 F.3d 388 (5th Cir. 2001); *cf. U.S. Brass Corp. v. Travelers Ins. Group, Inc., (In re U.S. Brass Corp.)*, 301 F.3d 296 (5th Cir. 2002).

Bankruptcy courts have limited post-confirmation jurisdiction, and the cause of action asserted by the Reorganized Debtor, if one exists, must be filed in a court with appropriate jurisdiction over the dispute. For these reasons, this Court will not grant the relief requested by the Reorganized Debtor.

**IT IS THEREFORE ORDERED** that the Motion to Reopen is denied.

###End of Order###